UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH JORDAN, ) | |
| ) | |
| Petitioner, ) | **CIVIL ACTION** |
| ) | **NO. 22-11435-DHH** |
| v. ) | |
| ) | |
| AMY BONCHER, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

**February 10, 2023**

Hennessy, M.J.

Pro se litigant Keith Jordan, who is incarcerated at FMC Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served pending the Court's preliminary review of the pleading. See 28 U.S.C. § 2243, para. 1 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the court is not required to serve the petition on the respondent). For the reasons set forth below, I recommend that the Court deny the petition.

In 2021, Jordan pled guilty to a single count of conspiracy to distribute a controlled substance in the United States District Court for the District of Connecticut. He was sentenced to a term of imprisonment of 120 months, followed by five years of supervised release. See United States v. Jordan, Crim. No. 3:19-cr-00074-JCH (D. Conn.).

In the instant petition, Jordan seeks habeas relief on the ground that "[f]or over a year, BOP, FMC Devens has not been able to diagnose [his] medical condition, therefore the prison does not provide the basic care as stated in their health care mission statement … [K]eeping

Petitioner incarcerated in such a manner constitutes cruel and unusual punishment." [Dkt. No. 1 at p. 6]. In his request for relief, Jordan asks this Court to "modify [his] sentence so the petitioner can seek proper health care." [Id. at p.7].

Jordan's petition does not set forth a basis for habeas relief. To the extent that he is bringing an action concerning the conditions of his confinement—namely lack of adequate medical care—petitioning for a writ of habeas is not the appropriate vehicle for relief. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus …; requests for relief turning on circumstances of confinement may be presented in a [non-habeas] action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) (citation omitted).[1]

To the extent that Jordan seeks modification of his sentence so that he might obtain other medical care, this Court is without jurisdiction to adjudicate such a motion. "[A] district court 'has no inherent power to modify a sentence after it has been imposed' and any authority to so modify must stem from an explicit statutory provision or rule." United States v. Harvey, 20 F.4th 71, 76 (1st Cir. 2021) (quoting United States v. Mercado-Flores, 872 F.3d 25, 28-29 (1st Cir. 2017)). Indeed, 18 U.S.C. § 3582(c) expressly provides that a "Court may not modify a term of imprisonment once it has been imposed except" in certain enumerated circumstances or if expressly authorized by statute or rule. One such avenue, under 18 U.S.C. § 3582(c)(1)(A),

---

[1] I recommend declining to unilaterally recharacterize Jordan's habeas petition as a civil rights action. There are significant differences between habeas and civil rights actions. In a civil rights action, a plaintiff must allege specific facts which, taken as true, show that the defendant(s) participated in depriving plaintiff of a right secured by the Constitution or laws of the United States. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); 42 U.S.C. § 1983. Further, the filing fee for a non-habeas action comprises a $52 administrative fee and a $350 statutory fee. Even where a prisoner is allowed to proceed without prepayment of the filing fee, the prisoner is required to pay the $350 statutory filing fee over time, regardless of the outcome of the case. See 28 U.S.C. § 1915(b). While the Court will not convert this habeas action into a civil rights action, Jordan may elect to file a civil rights action.

permits the Court to modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … after considering the factors set forth in section 3553(a) … if it finds that [] extraordinary and compelling reasons warrant such a reduction[.]"  The undersigned is unaware of, and is not cited to, a statute or rule which authorizes this Court to grant Jordan's instant motion for a modification.

For the foregoing reasons, I recommend that Jordan's petition for a writ of habeas corpus be DENIED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge